TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Robert Adams

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Adams, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Ingram and Associates, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Robert Adams (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Ingram and Associates (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Mesa, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Franklin, Tennessee, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly

2

collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 480-XXX-6435 (hereafter "Number").

12. On or about April 13, 2015, Defendant mailed a demand letter to Plaintiff in an attempt to collect a debt.

13. On or about April 19, 2015, Plaintiff responded with a letter to Defendant, in which he disputed that the alleged debt was owed and unequivocally requested that Defendant cease all further communications until Defendant provided verification of the alleged debt.

3

14. Despite Plaintiff's request, Defendant mailed a second demand for payment on or about May 11, 2015, without first providing Plaintiff with verification of the alleged debt.

15. On or about May 19, 2015, Plaintiff sent another letter to Defendant contesting the validity of the debt and notifying Defendant that it was in violation of the FDCPA.

16. With complete disregard for Plaintiff's "cease and desist" request and despite his warning that Defendant was already in violation of state and federal debt collection laws, Defendant continued in its attempts to collect the alleged debt by calling Plaintiff's Number on or about June 2, 2015.

17. During the conversation that ensued, Defendant's agent refused to provide her name upon request.

18. Nonetheless, Plaintiff verbally warned Defendant's agent that she was in violation of the FDCPA and demanded that no further calls be placed to his Number.

19. Incredibly, Defendant continued calling Plaintiff's Number and left prerecorded messages on Plaintiff's voicemail asking for a return call.

20. These later calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls"), in violation of the TCPA.

21. On or about June 8, 2015, Plaintiff notified Defendant in writing that he was represented by an attorney and requested that all future communication be directed accordingly.

22. Defendant, predictably, continued calling Plaintiff's Number directly.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

25. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Defendant, using Plaintiff's Number, left prerecorded messages on Plaintiff's voicemail.

26. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

27. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

28. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

29. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

30. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

31. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

34. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

35. Defendant communicated with Plaintiff knowing that Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

36. Defendant communicated with Plaintiff after receiving a written notice that Plaintiff refuses to pay the debt and/or that Plaintiff asked Defendant to cease and desist in further communication, in violation of 15 U.S.C. § 1692c(c).

37. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

38. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

39. Defendant placed telephone calls to Plaintiff without disclosing the caller's identity, in violation of 15 U.S.C. § 1692d(6).

40. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

7

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 30, 2015              TRINETTE G. KENT

By:   /s/   Trinette G. Kent  
Trinette G. Kent, Esq.  
Lemberg Law, LLC  
Attorney for Plaintiff, Robert Adams